UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **RANDI KATHLEEN HAINES,** | ) Case No. 12-50882-can7 |
| | ) |
| Debtor. | ) |

## MEMORANDUM OPINION AND ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTIONS

When a husband and wife open an account together, Missouri law generally[1] presumes they own the account as "tenants by the entirety," or "TBE." The presumption is rebuttable, but only by particularly strong evidence, such as "to leave no doubt in the judge's mind." If a couple has the choice of checking the "tenants by the entirety" box on an account application, but fails to do so, is that failure sufficiently strong evidence to overcome the presumption when a bankruptcy trustee objects to the debtor's exemption of that account as TBE property? This Court concludes not under the circumstances of this case.

### I. Jurisdiction

There is no dispute and the Court finds that it has jurisdiction over this matter. 28 U.S.C. § 1334. This matter is also a core proceeding over which the court has authority to enter a final order. 28 U.S.C. § 157(b)(2)(B).

### II. Facts

The Court makes the following findings of fact.

---

[1] As will be discussed below, the general presumption does not apply to all accounts. *E.g.*, § 369.174 RSMo (the savings and loan joint account of a husband and wife presumed to be only joint tenancy, and not a TBE account); § 370.287 RSMo (credit union shares; same); *compare* § 362.470 RSMo (joint bank account of husband and wife presumed to be a TBE, and not a joint tenancy).

1

Debtor Randi Kathleen Haines is a married resident of Missouri. She filed a Chapter 7 bankruptcy after a business co-owned with her daughter failed. Her only unsecured creditor is a bank to whom she had personally guaranteed the business loan. Ms. Haines owes the bank approximately $165,000; her husband was not obligated on the business loan or guaranty.

Bruce E. Strauss was duly appointed the Debtor's Chapter 7 Trustee. Nearly a year after her bankruptcy filing,[2] the Debtor amended her schedule B to include an interest in a UBS brokerage account, valued at almost $200,000, described as being owned "jointly with her nonfiling spouse." She claimed this account as exempt TBE property under applicable Missouri law.

The Trustee timely objected to the exemption, arguing that Mr. and Mrs. Haines had failed to open the UBS account as a TBE account, and that since the box "joint tenants with right of survivorship" or "JTWROS" was checked, the account documents controlled. Mrs. Haines responded that the checking of the JTWROS box on the account application – and the concomitant failure to check the TBE box -- was as a matter of law insufficient to defeat Missouri law's presumption of TBE ownership.

The Court conducted an evidentiary hearing on the Trustee's objection, at which both Mr. and Mrs. Haines testified; the Court finds their testimony generally to be credible, except where noted below.

Mrs. Haines testified that she and Mr. Haines had been married 22 years, and had not maintained separate finances during their marriage. Specifically, Mrs. Haines and her husband

---

[2] The Trustee has not argued that amendment should be denied for bad faith or other grounds. *In re Kaelin*, 308 F.3d 885 (8th Cir. 2002) (bankruptcy court has discretion to deny amendment of exemptions for bad faith or prejudice to creditors). *But see Law v. Siegel*, 134 S.CT. 1188, 188 L.Ed.2d 146 (2014) (bankruptcy court had no authority to surcharge debtor's otherwise validly claimed homestead exemption even though debtor acted in bad faith).

had two joint checking accounts, and a retirement account, in addition to the UBS account. She testified that she and her husband had always considered and treated their various accounts as being jointly owned. She testified that both contributed funds to their accounts and both made withdrawals or wrote checks from their various accounts.

With respect to the UBS account in particular, Mrs. Haines testified that she and Mr. Haines had had a brokerage account for a number of years, as recommended by their financial advisor, one Mike Hamilton, and had owned the UBS account for about ten years. The Haineses opened the UBS account when Mr. Hamilton switched brokerage firms and moved to UBS.

Mrs. Haines testified to a discussion that the brokerage account should be owned in the same form as the previous account (implying that the previous account was a TBE account); the Court, however, finds that testimony to be self-serving, for several reasons. First, as the Trustee pointed out, there was no evidence that the previous brokerage account was a TBE account. More importantly, Mrs. Haines could not explain the differences between a TBE and JTWROS account in response to the Trustee's questions on cross-examination.

In light of her otherwise uncontroverted evidence that she signed the account application at her husband's office; that the application had already been completed when she arrived to sign it; and that she admitted on cross-examination that she likely only glanced at it; the Court believes that Mrs. Haines had no specific intent in creating the UBS account other than that it was some type of joint account that she and her husband both owned and could use. For the same reason, the Court places no weight on the hand-written note on Mrs. Haines' financial statement, submitted to the Bank in 2010 [Exhibit C], that "all assets are owned jointly with my husband in [TBE] and therefore not subject to enforcement by creditors, except creditors of both husband and wife."

Mr. Haines also testified, and his testimony largely mirrored that of his wife's. He agreed that all the household finances were held jointly and that he also had relied on the broker to fill out the paperwork correctly (again, implying without direct testimony that the UBS account was supposed to have been set up as a TBE account). He, too, did not know the difference between JTWROS and TBE accounts; the Court likewise believes that Mr. Haines had no specific intent to establish a TBE account but instead intended that the account be a joint marital account.

In addition to their testimony, Mrs. Haines admitted as an exhibit the UBS brokerage account application she and her husband had signed when opening the account. The application provided joint account owners with five options for how their accounts could be held: community property, tenants by entirety, joint tenants with rights of survivorship, tenants in common, and joint community funds. The box next to "Joint Tenants with Rights of Survivorship" is checked, presumably by the financial advisor. The application did not contain any explanation of the various species of joint ownership, but instructed those completing the application to "Please read the joint account section of the New Account booklet carefully." The parties did not provide the court with the joint account section of the New Account booklet or any testimony about whether Mr. or Mrs. Haines consulted it. The application contains a paragraph entitled "Account Agreement"; however, the provisions in the agreement relate to client management, trading on margin, and disclosure issues, and do not address ownership of the account. Neither party called the UBS representative who prepared the paperwork to testify.

### III.    Summary of the Arguments

Both parties agree that the Court should apply Missouri law to determine the nature of Mrs. Haines' ownership interest in the brokerage account. The parties also agree that the burden of proof is on the Trustee to provide evidence that the exemption is not proper, at which point the

4

burden shifts to the debtor to show she is entitled to the exemption. Fed. R. Bankr. P. 4003(c); *Peoples' State Bank of Wells v. Stenzel (In re Stenzel)*, 301 F.3d 945, 947 (8th Cir. 2002). The ultimate burden of persuasion rests on the Trustee. *Id.*

Additionally, the parties agree that generally there is a presumption under Missouri law that property held by husband and wife is held as tenancy by the entireties. The parties disagree as to whether the presumption arises here. The Trustee argues that the presumption does not arise because the plain and unambiguous language in the brokerage application, identifying the account as held in joint tenancy with right of survivorship, controls. The Trustee also contends that the parol evidence rule prevents Mr. and Mrs. Haines from testifying about their intent in contravention of the plain language of the application. Mrs. Haines in turn argues that the presumption does arise, and that the box checked joint tenancy with rights of survivorship is insufficient to rebut the presumption in light of the additional evidence provided to the Court.[3]

### IV.    Discussion

*Nature of TBE Property Under Missouri Law*

Commencement of a bankruptcy case creates an estate, consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case…[.]" 11 U.S.C. § 541(a). A debtor may exempt certain property from property of the estate under 11 U.S.C. § 522(b). Missouri has opted out of the federal exemption scheme in § 522, thus "restricting Missouri residents to the exemptions available under Missouri law and under federal statutes other than 11 U.S.C. § 522(d)." *In re Benn*, 491 F.3d 811, 813 (8th Cir. 2007). The parties do

---

[3] The Debtor argues, for the first time in her post-hearing brief, that the Court should amend the UBS account application based on the doctrine of mutual mistake. Setting aside whether the court can consider the Debtor's new argument, the doctrine of mutual mistake requires the mistake to be mutual. *E.g., In re Williams Recycling, Inc.*, Case No. 12-50669; Adv. No. 13-5002; 2013 WL 6797486 (Bankr. W.D. Mo. 2013). The Debtor provides the court with no evidence showing that the UBS representative believed there was a mistake. In light of this clear lack of evidence showing the mistake was mutual, the Court sees no need to further address this argument.

not dispute that § 522(b)(3)(B) authorizes the exemption of TBE property to the extent the interest is exempt from process under applicable nonbankruptcy law, and that applicable Missouri law so provides.

TBE is a form of marital property ownership originally created by common law, not by statute. *In re Bellingroehr*, 403 B.R. 818, 820 (W.D. Mo. 2009). TBE is based upon the "ancient common law principal that, upon marriage, each spouse loses his or her individual identity, and the two people become one entity." *Bellingroehr*, 403 B.R. at 820. Its original purpose was to protect wives from irresponsible husbands who might lose a home or other valuable asset. *Id.*

To create a TBE estate, the four unities – unities of interest, title, time and possession – must be present. Once created, TBE tenants have but one estate, which they hold "*per my et per tout*—by the moiety or half *and* by the whole." *In re Gerling's Estate,* 303 S.W.2d 915, 917 (Mo. 1957). Since the estate is held both by the half and the whole, neither spouse may unilaterally convey or burden the property (*In re King's Estate*, 572 S.W.2d 200, 211 (Mo. App. 1978)), although a TBE interest may be severed by agreement, actual or implied, or by any conduct or course of dealing sufficient to indicate that all parties have mutually treated their interests as belonging to them in common. *In re Bellingroeher*, 403 B.R. 818 (Bankr. W.D. Mo. 2009). When a TBE estate is severed, the result is a tenancy in common. *In re Stanke*, 234 B.R. 439, 442 n.6 (Bankr. W.D. Mo. 1999).[4]

The history of TBE as applied to accounts is quite interesting. Because of the uncertainty that could be engendered with joint accounts -- whether adding a person to an account was an intervivos gift or a testamentary disposition – the Missouri legislature enacted statutes to allow

---

[4] In a post-trial conference, the Court asked counsel about the fact that the UBS account appeared to have been pledged and queried why there had been no argument or testimony about it. Both counsel agreed that the pledge occurred after the bankruptcy filing, and that the existence of the pledge had no bearing on the issue before the Court.

6

the creation of a TBE account without the presence of all four unities. Known as a "statutory joint tenancy," accounts created under § 362.470 RSMo (bank and trust company accounts) are statutorily "considered a tenancy by the entirety unless otherwise specified." § 362.470.5 RSMo.[5]

The Missouri Supreme Court has explained that statutory joint tenancies should be given effect without consideration of the strict common law requirements of the four unities. *Estate of LaGarce*, 487 S.W.2d 493, 501 (Mo. banc. 1972); *Burkholder v. Burkholder*, 48 S.W.3d 596, 598 n.9 (Mo. banc. 2001). Conversely, the Missouri legislature has also proscribed that certain joint accounts and interests, namely savings and loan accounts and credit union shares, "shall be considered a joint tenancy and not a tenancy by the entirety unless otherwise specified." § 370.287.3 RSMo (credit union shares); § 379.174.4 RSMo (savings and loan accounts). The parties here have pointed the Court to no statutory tenancy in effect with respect to brokerage accounts, and the Court finds none. Therefore, the Missouri common law of TBE applies to the UBS account at issue in this case.

Returning then to the common law: The effect of TBE property is that during the lifetime of the joint tenants, only creditors of both joint tenants may execute on or garnish the TBE property. *In re Garner*, 952 F.2d 232, 235 (8th Cir. 1991); *In re Van Der Heide*, 164 F.3d 1183, 1184 (8th Cir. 1999). And, once a TBE tenant dies, the other tenant has the right of survivorship. Indeed, it has been noted that "[t]he leading and distinctive characteristic of an estate in joint tenancy is, of course, the right of survivorship." *In re Gerling's Estate,* 303 S.W.2d 915, 917 (Mo. 1957).

---

[5] Section 362.470.5 RSMo states: "Any deposit made in the name of two persons or the survivor thereof who are husband and wife shall be considered a tenancy by the entirety unless otherwise specified."

7

Thus, the most important characteristic of entireties property is that neither spouse may unilaterally convey or burden the property. *In re King's Estate*, 572 S.W.2d at 200. The consequence of this distinction for creditors is crucial: property held by spouses in a joint tenancy is reachable by an individual spouse's creditor, but property held in tenancy by the entirety is only reachable by joint creditors of the couple. *Garner*, 952 F.2d at 235.

The distinction carries into bankruptcy in this way: in a bankruptcy case, a debtor may properly exempt TBE property but the Chapter 7 Trustee may invade the TBE property to the extent necessary to pay unsecured joint debts. See *Bellingroeher*, 403 B.R. at 818 (TBE property could not be invaded where trustee failed to establish there were any joint unsecured debts to be paid from the TBE property). Since it is undisputed that Mr. and Mrs. Haines have no joint, unsecured debts, if the UBS account is exempt, the Trustee will not have the ability to liquidate the account for the benefit of the estate.

***Whether the TBE Presumption Applies In this Case***

In many respects, this case boils down to a question of whether the TBE presumption applies to the UBS account; if it applies, then the burden under Missouri law (and bankruptcy law) would be on the Trustee to present the type of clear evidence needed to rebut the presumption that the UBS account is a TBE account. If the presumption does not apply, then the Trustee would have met his initial burden of coming forward with evidence in support of his objection – that the Debtor established a JTWROS and not a TBE account -- and the burden of production would have shifted to the Debtor to show they had the requisite intent to create a TBE account notwithstanding the fact that they checked the JTWROS box. Whether the presumption applies is critical, because, in the Court's view, if the burden of production shifted to the Debtor,

8

then the Debtor likely would not win, as the Debtor's evidence did not establish any express intent to create specifically a TBE account.

The Court concludes that the TBE presumption applies to the Debtor's UBS account as a matter of law, for the following reasons.

First, as explained above, there is no Missouri statute that governs the UBS brokerage account; Missouri common law therefore applies. Missouri common law applies because, although the UBS account is physically held at an office located in Kansas, Missouri law provides that the situs of intangible personal property is governed by the domicile of the owners, and the Debtor and her husband are indisputably Missouri residents. *McDougal v. McDougal*, 279 S.W.3d 731, 739 (Mo. App. S.D. 1955).

Second, also as explained above, Missouri common law indisputably and strongly presumes that all property owned by a husband and wife is TBE property if the four unities are established. E.g., *Capital Bank v. Barnes*, 277 S.W.3d 781, 782 (Mo. App. S.D. 2009). The evidence was uncontroverted that the four unities of interest, title, time and possession were established as of the opening of the UBS account.

Third, whether the presumption that a husband and wife own property as TBE arises by statute or by common law, Missouri cases appear to require the same quality of evidence to overcome the presumption; that the evidence "must be so strong, clear, positive, unequivocal and definite as to leave no doubt in the trial judge's mind." *Brown v. Mercantile Bank of Poplar Bluff,* 820 S.W. 2d 327, 336 (Mo. App. S.D. 1991). *See also Nelson v. Hotchkiss*, 601 S.W.2d 14, 19 (Mo. banc. 1980) (once the presumption of tenancy by the entireties arises, a party

9

challenging the presumption may only rebut it if the party can show a contrary intention by clear, cogent, and convincing evidence[6]).

Although there are no Missouri cases involving this fact pattern, several cases are instructive.

*Scott v. Flynn*, 946 S.W.2d 248 (Mo. App. E.D. 1997) involved a statutory joint bank account created under R.S. Mo. 362.470.5. The account was titled "W.H. Scott or Abigail C. Scott, Joint Tenants with Right of Survivorship." A bank, opposing the wife's claim to an interest in the account, argued that by specifying the account as a JTWROS account, the account was "otherwise specified" such that the statutory TBE presumption did not arise. The Missouri Court of Appeals disagreed.

The Court explained that the bank's reasoning was circular, "because a husband's and wife's joint tenancy with right of survivorship satisfies the statute's definition of what is presumed to be a tenancy by the entirety – i.e., it is a deposit made in the name of two persons or the survivor thereof who are husband and wife." *Scott v. Flynn*, 946 S.W.2d at 251. Therefore, the Court stated,

> [D]esignation of a specific type of account that satisfies all of the statutory requirements triggering a presumption of the tenancy by the entirety cannot be construed as a specification that the account be held 'otherwise' than by the entirety. Rather, to achieve that result, it would be necessary to designate the account 'Joint Tenants with Right of Survivorship *and not as Tenants by the Entirety*,' or words to like effect.

*Scott v. Flynn,* 946 S.W.2d at 251 (emphasis in the original).

---

[6] The Trustee argues that the "heightened standard" of clear and convincing should not apply here because the account is not one that is expressly presumed by statute to be a tenancy by the entirety account. The Trustee cites *In re Wax*, 63 S.W.3d 668, 672 (Mo. App. E.D. 2001), in support of his position. The Court agrees with the Trustee that *Wax* does state that a brokerage account is not a bank account and thus the brokerage documents are controlling. *Wax*, 63 S.W.3d at 672. The issue in *Wax*, however, was whether the Missouri statutes regarding bank accounts should apply to the brokerage account. *Id*. *Wax* does not discuss burdens of proof and this Court finds nothing in *Wax* – or elsewhere in Missouri law – that would lower the Trustee's burden here.

10

*Scott v. Flynn* thus held that, "absent a specific disclaimer that the account is not being held as tenants by the entirety, an account card signed by a husband and wife as joint tenants with right of survivorship must be considered a tenancy by the entirety." *Id.*

*Scott v. Flynn* relied on two other Missouri cases. In *Brown v. Mercantile Bank of Poplar Bluff,* 820 S.W.2d 327, 336 (Mo. App. S.D. 1991), the court held the addition of a daughter to an account owned by a husband and wife as JTWROS did not rebut the presumption that the husband and wife's undivided interest in the account was held as TBE and was not subject to garnishment. *Brown*, 820 S.W.2d at 337-338. Similarly, in *Edgar v. Ruma*, 823 S.W.2d 59 (Mo. App. E.D. 1991), an account card signed by a husband and wife providing that any sums deposited "are and shall be owned by them jointly with a right of survivorship" created a TBE account. *Edgar*, 823 S.W.2d at 61.

This trio of cases reinforces the Court's conclusion that a Missouri court would require more evidence before finding that the presumption was rebutted in this case. The evidence was undisputed that the Haineses intended to create a joint, marital account when they set up the UBS account. The UBS account they created was a joint, marital account with rights of survivorship. Without a specific disclaimer of the kind noted in *Scott v. Flynn* (i.e., JTWROS and not TBE) or other strong evidence, the Court cannot conclude that merely checking the JTWROS box was sufficient to defeat the presumption.

The Trustee's argument that the presumption did not arise does not address these Missouri cases but instead relies on *Beal Bank, SSB v. Alamand and Associates*, 780 So.2d 45 (Fla. 2001). *Beal Bank* states that under Florida law, the entireties presumption will not arise if there is an express disclaimer. *Beal Bank*, 780 So.2d at 60. The Court reads Missouri law differently, and has found no language in Missouri law to support an understanding of the

entireties presumption similar to that in Florida. Instead, Missouri courts have first determined whether the presumption arose, and subsequently determined if other factors – such as a checked box or language in the documents – are sufficient to rebut the presumption. *E.g., Scott v. Flynn*, 946 S.W.2d at 251.

*The Parol Evidence Rule*

As a final matter, the Trustee has asked the Court to reconsider its oral ruling at trial that Mr. and Mrs. Haines' testimony regarding their intent should be barred by the parol evidence rule. The Court believes its ruling at trial that the parol evidence rule does not apply is correct.

The parol evidence rule "prohibits the trier of fact from using … evidence to contradict, vary or alter the terms of an integrated written contract." *Central Stone Co. v. Warning*, 412 S.W.3d 908, 912 (Mo. App. E.D. 2013).[7] Stated another way, in the absence of fraud, duress, mistake or mental incapacity, an integrated unambiguous contract may not be varied, and a new and different contract substituted by parol evidence. *Commerce Trust Co. v. Watts*, 231 S.W.2d 817, 820 (Mo. 1950).

The parol evidence rule is not a rule of evidence, but rather a substantive rule that limits the evidence from which inferences may be drawn. *Poelker v. Jamison*, 4 S.W.3d 611, 613 (Mo. App. E.D. 1999). The purpose of the rule is to preserve the sanctity of written contracts. *Id*. Regardless of whether a party objects, considering extrinsic evidence in spite of a final, complete, and unambiguous contract violates the parol evidence rule. *Id*. In the *Commerce Trust Co*. case, for example, where there was a formal, unambiguous joint depository agreement

---

[7] The parties assume, without discussing, that Missouri law is the relevant state law. Because the parol evidence rule is a substantive rule determining the parties' underlying state law rights, this appears to be correct. *Gibbons v. Graves Constr. Co., Inc.*, 727 F.2d 753, 755-56 (8th Cir. 1984).

establishing the account as a JTWROS, the court refused to admit parol evidence that the parties' intent was not to establish a joint account, but only to add the other owner as an accommodation.

The Debtor, by contrast, argues that the parol evidence rule should not apply for two reasons. First, the Debtor argues that the parol evidence rule is limited to contracts, and the writing before the Court is not a contract.[8] The Court disagrees. Under Missouri law, a bank account agreement is a contract. *Commerce Trust Co. v. Watts*, 231 S.W.2d at 819. Parties to these agreements acquire rights and the agreement governs the conduct between the parties and the bank. *Id*. The Court sees no reason to treat a brokerage application differently. Indeed, as the Trustee notes, brokerage accounts under Missouri law are generally controlled by the language of the account documents. *Wax*, 63 S.W.3d at 672. Like bank accounts, these applications create rights and responsibilities. They are contracts.[9]

The Debtor's second argument is similarly unpersuasive. The Debtor cites *Nelson v. Hotchkiss*, 601 S.W.2d 14, for the proposition that courts consider parol evidence when determining whether property is entireties property. But the *Nelson* court also found that the wording "all joint tenants with right of survivorship in all four and not as tenants in common" was ambiguous in light of the Missouri's tenancy by the entireties presumption. *Nelson*, 601 S.W.2d at 20 – 21. When a writing is ambiguous, courts must go outside the four corners of the document and consider extrinsic evidence. *Central Stone Co. v. Warning*, 412 S.W.3d at 912. The *Nelson* analysis is consistent with the parol evidence rule and does not create an exception for courts considering whether the entireties presumption is rebuttable.

---

[8] The Debtor cites *Kinser v. Elkadi*, 674 S.W.2d 226 (Mo. App. S.D. 1984), in support of her position. In *Kinser*, the court held that a consent form is not a contract.

[9] The Court would also note it is a bit puzzling for the Debtor to argue that the account application is not a contract, but should be reformed using the contract doctrine of mutual mistake.

Despite disagreeing with the Debtor's arguments, the Court does agree that the parol evidence rule does not apply in this case. Although it has not been widely litigated in Missouri, courts generally recognize that there is an exception to the parol evidence rule when the dispute involves a third party rather than the two parties to the contract. *American Bank v. Wegener, et. al.*, 776 S.W.2d 922, 925 (Mo. App. W.D. 1989); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 348, n.12 (1971) ("[T]he parole evidence rule is usually understood to be operative only as to parties to a document."). This exception is referred to as the "stranger exception." 6 Peter Linzer, Corbin on Contracts § 25.24 (Joseph M. Perillo ed., 2010); Am. Jur. 2d *Evidence* § 1108 (Updated 2014); 11 Richard Lord and Samuel Williston, A Treatise on the Law of Contracts § 33:10 (4th Ed. 2012).

The "stranger exception" excludes those who are not parties to the document from objecting to the court considering extrinsic evidence that affects the interpretation of the document. *Slinkard v. Lamb Const. Co.*, 225 S.W. 352, 352 (Mo. banc 1920). As a nonparty to the contract, the Trustee falls within the stranger exception and does not have the right to invoke the parol evidence rule. Even if, however, the Trustee would be deemed to be in privy with the Debtor, such that the rule might apply, it would not make a difference to the analysis. Considering only the documentary evidence, as the Trustee requests still leads to the same result: under Missouri law, the mere checking of the box JTWROS and not the TBE box, without more, is insufficient to rebut the presumption.

**Conclusion**

The burden on the Trustee is to provide the Court with evidence "so strong, clear, positive, unequivocal and definite as to leave no doubt in the trial judge's mind," *Scott*, 946 S.W.2d at 251, that the parties did not intend the property to be held in the entireties. The

evidence before the Court is a brokerage account application with a box marked "joint tenants with rights of survivorship," the testimony of the Debtor and her husband that they considered the account to be marital property they held together, and the Debtor's later loan application identifying her property as entireties property.[10] The parties did not provide any evidence that the Debtor consulted the New Account booklet discussing the choice of ownership, and both the Debtor and her husband testified that they did not know what the terms meant. Under those circumstances, the Court is not convinced that the Debtor and her husband intended to form a different type of account than what is presumed under Missouri law.  The Court therefore holds that under Missouri law, the presumption of tenancy by the entireties arose and the Trustee's evidence was insufficient to rebut the presumption. Since the Trustee bore the burden of proof to defeat the claimed exemption under Rule 4003(c), the Trustee's Objection to the Debtor's Exemption is therefore DENIED.

    Dated: April 14, 2015                             /s/ Cynthia A. Norton
                                                                 UNITEDSTATES BANKRUPTCY JUDGE

---

[10] Even without the testimony of the Debtor and her husband, the Court questions whether the checked box, without some evidence of the accompanying explanation, would be a clear manifestation of intent. While the terms "tenancy by the entireties" and "joint tenancy with rights of survivorship" may be understood by many lawyers, they are not terms most lay people have encountered or could be reasonably expected to understand without explanation. The Court need not reach that question, however, because it can consider the testimony. The Court similarly rejects the Trustee's argument that the Debtor needed to prove she had the intent to create an entireties account. Not only does proving the specific intent to hold property in the entireties seem intuitively impossible unless the parties are sophisticated and well-versed in the nuances of joint property law, but the Court also has not found any case law supporting this position.